■ LANSDOWNE FINANCIAL SERVICES LIMITED et al., Respondents, v BINLADEN TELECOMMUNICATIONS COMPANY LIMITED, Appellant, et al., Defendants. — Order, Supreme Court, New York County (Charles G. Tierney, J.), entered on June 18, 1982, which denied defendant's motion to vacate an ex parte order of severance and inquest entered on March 30, 1982, is unanimously reversed, on the law and the facts and in the exercise of discretion, to the extent of vacating the defendant's default and granting leave to answer, without costs. Order, Supreme Court, New York County (Arthur E. Blyn, J.), entered on September 8, 1982, which denied defendant's motion to vacate an order of attachment entered ex parte on June 19, 1981, and confirmed by order dated December 28, 1981, is unanimously affirmed, without costs. Plaintiff, Lansdowne Financial Services Limited (Lansdowne) is a Bahamian corporation with offices in Nassau, New York City, and Paris, France. Plaintiff, Francis O. Hunnewell (Hunnewell) and Michael P. Pochna (Pochna), are residents of the State of New York. Defendant Binladen Telecommunications Company Limited (Binladen) is a Saudi Arabian corporation. Because Binladen is a foreign corporation, not licensed to do business in the State of New York, plaintiffs, in order to obtain in personam jurisdiction were required to make service of process pursuant to section 307 of the Business Corporation Law. On July 6, 1981, plaintiffs served the Secretary of State and two days later, a notice of service of process upon the

Secretary of State, together with a copy of the summons and complaint, was sent by registered mail, a return receipt requested, addressed to Binladen in Saudi Arabia. In order for service of process to be complete under section 307 (subd [c], par 2) of the Business Corporation Law, proof of service must be made by filing an affidavit of compliance, which shall include "either the return receipt signed by such foreign corporation or other official proof of delivery or, if acceptance was refused by it, the original envelope with a notation by the postal authorities that acceptance was refused." Prior to seeking in personam jurisdiction through service pursuant to section 307 of the Business Corporation Law, plaintiffs in June, 1981, secured an ex parte order of attachment based upon their representation that such order was required to subject Binladen to the jurisdiction of the New York courts, and thus afford a forum for redress of plaintiffs' grievances. A levy was thereafter made and confirmation of the attachment was sought, with plaintiff again alleging that the attachment was necessary in order to secure jurisdiction over Binladen. Binladen, appearing specially, unsuccessfully opposed confirmation of the attachment, Special Term determining in the order of December 28, 1981, that the extensive activities of defendant in New York raised a reasonable expectation that it may be subject to the jurisdiction of our courts. In January of 1982, having neither received the return receipt signed by Binladen in respect to the July, 1981 mailing, any other official proof of delivery, nor the original envelope upon which a notation of refusal had been made, plaintiffs, nevertheless, purported to file an "affidavit of compliance", asserting that service was "deemed accepted" because none of the required proof had been received. Service was again purported to be made in like manner in January, 1982, and a new "affidavit of compliance" was filed, grounded, this time, upon the assertion that service was "deemed refused." Thereafter, plaintiff moved for an ex parte order declaring Binladen to be in default. In support of its application, plaintiff asserted that service had been duly made pursuant to section 307 of the Business Corporation Law and that defendant had neither appeared nor answered. The ex parte application was granted by order dated March 30, 1982, and the matter set down for inquest. On April 2, the defendant moved to vacate the order of attachment and on the same day learned of the order setting the matter down for an inquest. Defendant promptly moved to vacate the order of inquest or alternatively, to be given an opportunity to respond to the complaint. Special Term denied that motion, holding that plaintiff had complied with the provisions of section 307 of the Business Corporation Law. This was error. Plaintiff admits that it never received from the postal authorities either a return receipt signed by Binladen or the original envelope with a notation that acceptance was refused, thus demonstrating that no proof of compliance as required by statute could have been made. Plaintiffs argue, however, that defendant had actual notice of the action, since on at least five occasions, copies of the complaint were served on them which they have never denied receiving. The rule is clear, however, that "notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court". (*Feinstein v Bergner*, 48 NY2d 234, 241.) Plaintiffs, by their admission, have failed to comply with the provisions of section 307 of the Business Corporation Law and, thus, the motion to vacate the default should have been granted at least to the extent of affording defendant an opportunity to answer the complaint which we note was the relief sought by defendant. Moreover, it does not appear that there was a willful default but rather that defendants entertained a good-faith belief, based in part at least on the advice of counsel that service was improper. (*Hallum v S & L Jewelry*, 79 AD2d 565.) We find no basis for disturbing Special Term's denial

of defendant's motion to vacate the order of attachment and therefore affirm. Concur — Sandler, J. P., Sullivan, Bloom, Fein and Alexander, JJ.