NORMAN E. MCINTYRE, Appellant, v EMANUEL CHURCH OF GOD IN CHRIST, INC., Respondent. [830 NYS2d 261]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated June 6, 2006, which granted the defendant's motion to vacate a judgment of the same court (Archer, J.H.O.), dated October 15, 2002, which, upon the defendant's default in appearing or answering the complaint, was in favor of her and against the defendant in the principal sum of $76,025.28.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of whether proper service was effected and, thereafter, for a new determination of the defendant's motion.

The process server's affidavit, which stated that the corporate defendant was personally served by delivering a copy of the summons and complaint to its "managing/designated agent" and provided a description of that person, constituted prima facie evidence of proper service pursuant to CPLR 311 (a) (1) (see Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 343-344 [2003]). In opposition to this showing, the defendant submitted an affidavit of its pastor, alleging, inter alia, that the summons and complaint was never served upon her or the corporate defendant, that neither she nor the corporate defendant had notice of the allegations contained in the complaint, and that the person described in the affidavit of service as the recipient of the summons and complaint was not known to her, or ever associated with the corporate defendant. The affidavit submitted by the defendant was sufficient to rebut the allegations contained in the affidavit of service, and thus a hearing was necessary to determine the issue of whether proper service was effected (see Garcia v Munseob, 33 AD3d 586, 587 [2006]; Mortgage Access Corp. v Webb, 11 AD3d 592 [2004]; Frankel v Schilling, 149 AD2d 657, 659 [1989]). Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing to

determine whether the defendant was properly served and, thereafter, for a new determination of the defendant's motion. Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.