■ NEW SOUTH INSURANCE COMPANY, Appellant, v JAMES DOBBINS, SR., et al., Defendants, and JAMES DOBBINS, JR., et al., Respondents. [894 NYS2d 912]——

In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to provide insurance coverage in connection with a vehicular accident that occurred on July 31, 2006, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Winslow, J.), entered July 23, 2008, as, upon renewal and reargument, adhered to a prior determination in an order dated November 21, 2007, denying that branch of its motion which was for leave to enter judgment against the defendants James Dobbins, Jr., and Felita Dobbins, upon their default in answering the complaint.

Ordered that the order entered July 23, 2008, is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly, upon renewal and reargument, adhered to so much of its original determination as denied the plaintiff leave to enter judgment against the defendants James Dobbins, Jr., and Felita Dobbins, upon their default in answering the complaint. In support of its motion, the plaintiff offered the complaint, which was verified by plaintiff's counsel, and an affidavit of the plaintiff's investigator, neither of whom pos-

sessed personal knowledge of the facts constituting the claim (*see* CPLR 3215; *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 70-71 [2003]; *Hosten v Oladapo*, 44 AD3d 1006 [2007]; *Finnegan v Sheahan*, 269 AD2d 491 [2000]). The statements from the driver of the other vehicle that the plaintiff's investigator relied upon in his affidavit constituted inadmissible hearsay (*see* CPLR 4518 [a]; *Hochhauser v Electric Ins. Co.*, 46 AD3d 174, 179-183 [2007]; *Metropolitan Cas. Ins. Co. v Shaid*, 23 Misc 3d 1140[A], 2009 NY Slip Op 51203[U] [2009]). Accordingly, entry of a default judgment against these defendants was properly denied on the papers before the Supreme Court. Mastro, J.P., Balkin, Belen and Chambers, JJ., concur.