[907 NYS2d 644]

LAYLA ELZOFRI, Plaintiff, v AMERICAN EXPRESS COMPANY et al., Defendants.

Supreme Court, Albany County, September 14, 2010

APPEARANCES OF COUNSEL

*Towne, Ryan & Partners, P.C.*, Albany (*Susan F. Bartkowski* of counsel), for Metro Merchant Services, LLC, defendant. *Law*

*Offices of Duncan & Duncan*, Albany (*Sara A. Duncan* of counsel), for plaintiff.

## OPINION OF THE COURT

RICHARD M. PLATKIN, J.

Defendant Metro Merchant Services, LLC (Metro) moves pursuant to CPLR 3211 (a) (1) and (8) for dismissal of plaintiff's complaint in this commercial action. Plaintiff Layla Elzofri opposes the motion.

Plaintiff alleges that she is the owner and operator of a gas station and convenience store that does business under the name of Pine Mart. She claims to have purchased the business from defendant Tariq Mehmood. For her second cause of action, plaintiff alleges that Metro, a credit card processing service, breached a contract that it had entered into with her by failing to forward certain payments from defendant American Express.

Metro now moves to dismiss the complaint on two grounds. First, it argues that plaintiff's claim against it is conclusively defeated by documentary evidence establishing a lack of contractual privity. Second, Metro argues that the court lacks personal jurisdiction over it based on plaintiff's failure to strictly comply with the service provisions of Limited Liability Company Law § 304.

The court begins, as it must, with Metro's jurisdictional objection. Plaintiff purports to have served Metro with process pursuant to Limited Liability Company Law § 304, which establishes a means of service of process on foreign limited liability companies (FLLCs) that are not authorized to do business in the state. Pursuant to this provision, service of process shall first be made by personal delivery to the Secretary of the State (Limited Liability Company Law § 304 [b]). Notice of such service and a copy of the process shall then be provided directly to the foreign limited liability company in either one of two ways: either by personal delivery made in accordance with the law of the jurisdiction in which service is made or by registered mail, return receipt requested, to the post office address on file with the Department of State (Limited Liability Company Law § 304 [c]).

The statute then goes on to prescribe the filing of an "affidavit of compliance," the effect of which is at issue here:

> "Where service of a copy of process was effected by
> mailing . . . , proof of service shall be by affidavit of

compliance with this section filed, together with the process, within thirty days after receipt of the return receipt signed by the foreign limited liability company or other official proof of delivery or of the original envelope mailed. If a copy of the process is mailed in accordance with this section, there shall be filed with the affidavit of compliance either the return receipt signed by such foreign limited liability company or other official proof of delivery or, if acceptance was refused by it, the original envelope with a notation by the postal authorities that acceptance was refused. If acceptance was refused, a copy of the notice and process together with notice of the mailing by registered mail and refusal to accept shall be promptly sent to such foreign limited liability company at the same address by ordinary mail and the affidavit of compliance shall so state. Service of process shall be complete ten days after such papers are filed with the clerk of the court." (Limited Liability Company Law § 304 [e].)

Metro claims that plaintiff has failed to file an affidavit of compliance in accordance with the foregoing requirements. As such, Metro argues that the court has not acquired personal jurisdiction over it.

"[O]nce jurisdiction and service of process are questioned, plaintiff[ ] [has] the burden of proving satisfaction of statutory and due process prerequisites" (*Stewart v Volkswagen of Am.*, 81 NY2d 203, 207 [1993]). While the parties have not cited, and the court's research does not disclose, case authorities regarding service on unauthorized FLLCs, Metro relies on the legal principles applicable to Business Corporation Law § 307—a substantively identical statute governing service of process on unauthorized foreign corporations.

In *Flick v Stewart-Warner Corp.* (76 NY2d 50, 56-57 [1990]), the Court of Appeals held that strict compliance with the procedures of Business Corporation Law § 307, including the requirements pertaining to the filing of an affidavit of compliance, is required to validly effect service of process on an unauthorized foreign corporation. In reaching this conclusion, the Court relied upon the language of the statute itself, which provides that service of process shall not be complete until 10 days after the filing of an affidavit of compliance, and the fact that an unauthorized foreign corporation has only a constructive presence in the state. Thus, it is by now well established

that the failure of a plaintiff to adhere to the filing requirements of Business Corporation Law § 307 is a jurisdictional defect requiring dismissal of the action (*see Flannery v General Motors Corp.*, 86 NY2d 771, 773 [1995]).

The court agrees with Metro that it should be guided by the precedents established under Business Corporation Law § 307 in interpreting Limited Liability Company Law § 304. The statutes are substantively identical, and each governs foreign business entities that are not authorized to do business in the State of New York and have only a constructive presence here. Further, the plain language of both statutes specifically provides that service is not complete until 10 days after the filing of the affidavit of compliance.

Based on the foregoing, the court concludes that this action must be dismissed as against Metro. There is no dispute that plaintiff failed to file an affidavit of compliance with the clerk of this court in accordance with Limited Liability Company Law § 304 (c) (2). And while it is apparent that Metro had actual notice of this action, "[t]he rule is clear . . . that notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court. Plaintiffs, by their admission, have failed to comply with the provisions of [Limited Liability Company Law § 304 (c) (2)]" (*Lansdowne Fin. Servs. v Binladen Telecommunications Co.*, 95 AD2d 711, 712 [1st Dept 1983] [internal quotation marks and citations omitted]; *see also Laino v Cuprum S.A. de C.V.*, 235 AD2d 25, 32 [2d Dept 1997]). Further, Metro's stipulation with plaintiff with respect to a date by which to move or answer—an agreement necessitated by plaintiff's failure to file the required affidavit of compliance—does not and cannot constitute a waiver of its jurisdictional objection.

In view of the foregoing, the court concludes that plaintiff's complaint must be dismissed as against Metro. Under the circumstances, the court need not consider the merits of the alternative ground for dismissal put forward by Metro.[1]

---

1. If the court had jurisdiction over Metro and the privity issue it raises were necessary to resolution of the instant motion, the court would be inclined to conclude that the documentary evidence put forward by Metro—a copy of the contract upon which the second cause of action is based—does not utterly refute plaintiff's allegations and conclusively establish as a matter of law its claimed defense of lack of contractual privity. Accepting the allegations of plaintiff's complaint as true, giving her the benefit of all reasonable inferences and considering the documentary evidence submitted in opposition to the mo-

Accordingly,[2] it is ordered that the motion by Metro Merchant Services, LLC for dismissal pursuant to CPLR 3211 (a) (8) is granted; and it is further ordered that the complaint is dismissed against Metro Merchant Services, LLC.

---

tion by plaintiff, the discrepancies between Pine Mart, Inc. and Pine Gas relied upon by Metro fall short of establishing *its entitlement to dismissal* under CPLR 3211 (a) (1) (*see also* decision and order of Apr. 13, 2010, at 3 [Devine, J.]).

**2.** The court has considered the parties' remaining arguments and contentions and finds them either unavailing or unnecessary to reach.