■ R. SCOTT MITERKO et al., Respondents, v STUART D. PEASLEE et al., Respondents, and JOE KORBL PLUMBING & HEATING, INC., Appellant, et al., Defendants. [915 NYS2d 314]—

In an action, inter alia, to recover damages for negligence and breach of contract, the defendant Joe Korbl Plumbing & Heating, Inc., appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated January 16, 2009, which granted the plaintiffs' motion, among other things, for leave to enter a default judgment against it on the issue of liability upon its failure to appear or answer the complaint and denied its cross motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it on the ground of lack of personal jurisdiction.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiffs' motion, inter alia, for leave to enter a default judgment against the defendant Joe Korbl Plumbing & Heating, Inc., on the issue of liability upon its failure to appear or answer the complaint; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of whether proper personal service was effected pursuant to CPLR 311 (a) (1) solely for the purpose of determining the plaintiffs' motion for leave to enter a default judgment and thereafter a new determination of the plaintiffs' motion.

The Supreme Court properly denied the appellant's cross motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it on the ground of lack of personal jurisdiction. In opposition to the appellant's cross motion asserting that service of process pursuant to CPLR 311 (a) (1) was not properly effected, the plaintiffs established that valid service was made pursuant to Business Corporation Law § 306 (b) (1) (*see Perkins v 686 Halsey Food Corp.*, 36 AD3d 881 [2007]).

However, the Supreme Court should not have granted the plaintiffs' motion for leave to enter a default judgment. To establish their entitlement to a default judgment, the plaintiffs were required to submit proof of service of the summons and the complaint, of the facts constituting the claim, and of the default (*see* CPLR 3215 [f]; *Levine v Forgotson's Cent. Auto &*

*Elec., Inc.*, 41 AD3d 552, 553 [2007]; *599 Ralph Ave. Dev., LLC v 799 Sterling Inc.*, 34 AD3d 726 [2006]). The plaintiffs' initial moving papers for leave to enter a default judgment were predicated solely upon their assertion of proper personal service pursuant to CPLR 311 (a) (1). They established, prima facie, their entitlement to a default judgment by submitting an affidavit of service attesting that the summons and complaint were delivered to a managing agent of the appellant, a copy of the verified complaint, and an attorney affirmation attesting to the appellant's default in answering the complaint (*see* CPLR 311 [a] [1]; *Matone v Sycamore Realty Corp.*, 50 AD3d 978 [2008]; *McIntyre v Emanuel Church of God In Christ, Inc.*, 37 AD3d 562 [2007]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343-344 [2003]). In opposition, the appellant rebutted these allegations and raised issues of fact by submitting an affidavit from its president stating that the person upon whom service allegedly was made was not employed by the appellant, nor authorized to accept service of process on behalf of the appellant. The affidavit of the plaintiffs' process server submitted in reply to this opposition raised an additional issue of fact as to whether the recipient, if not a managing agent, was cloaked with an apparent authority to accept service on the appellant's behalf (*see generally Fashion Page v Zurich Ins. Co.*, 50 NY2d 265, 271-273 [1980]; *McDonald v Ames Supply Co.*, 22 NY2d 111, 115-116 [1968]; *Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d 765, 766-767 [2009]; *Seda v Armory Estates*, 138 AD2d 362, 363-364 [1988]). Accordingly, a hearing is necessary to determine the issue of whether proper personal service was effected pursuant to CPLR 311 (a) (1), solely for the purpose of determining the plaintiffs' entitlement to a default judgment (*see McIntyre v Emanuel Church of God In Christ, Inc.*, 37 AD3d at 562-563; *Garcia v Munseob*, 33 AD3d 586 [2006]; *Mortgage Access Corp. v Webb*, 11 AD3d 592, 593 [2004]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d at 343-344; *Frankel v Schilling*, 149 AD2d 657, 659 [1989]).

Since the plaintiffs' assertion that they were entitled to a default judgment based on proper service pursuant to Business Corporation Law § 306 (b) (1) was made in their reply papers supporting their motion, two days before the return date and the date of the order appealed from, and the appellant did not have an opportunity to respond, the Supreme Court should not have considered that claim in determining the motion (*see Matter of Crawmer v Mills*, 239 AD2d 844, 844-845 [1997]; *cf. Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d 776, 778 [2010]; *Valure v Century 21 Grand*, 35 AD3d 591, 592 [2006]).

The appellant's contention that the plaintiffs failed to state a

cause of action insofar as asserted against it is raised for the first time on appeal and, thus, is not properly before this Court (*see McLearn v Cowen & Co.*, 60 NY2d 686, 689 [1983]; *Viafax Corp. v Citicorp Leasing, Inc.*, 54 AD3d 846, 849 [2008]; *Resnick v Doukas*, 261 AD2d 375, 376 [1999]).

The parties' remaining contentions have been rendered academic in light of our determination. Rivera, J.P., Chambers, Austin and Sgroi, JJ., concur.