■ JAN MICHAEL TEITELBAUM, Appellant, v NORTH SHORE-LONG ISLAND JEWISH HEALTH SYSTEM, INC., Respondent. [999 NYS2d 871]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), entered October 10, 2013, which denied his motion pursuant to CPLR 3215 (a) for leave to enter judgment on the issue of liability against the defendant upon its failure to appear or answer, and granted the defendant's cross motion, in effect, pursuant to CPLR 3211 (a) (8) to dismiss the complaint on the ground of lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a hearing on, and a new determination of, the plaintiff's motion pursuant to CPLR 3215 (a) for leave to enter judgment on the issue of liability against the defendant and the defendant's cross motion, in effect, pursuant to CPLR 3211 (a) (8) to dismiss the complaint on the ground of lack of personal jurisdiction.

In support of his motion for leave to enter a default judgment against the defendant, the plaintiff submitted, inter alia, his process server's affidavit of service, which stated that the defendant was served by personally delivering a copy of the summons and complaint to a "Mrs. Susan, Manager" at the defendant's purported address, and provided a description of that person. The process server's affidavit of service constituted prima facie evidence of proper service pursuant to CPLR 311 (a) (1) (*see Rosario v NES Med. Servs. of N.Y., P.C.*, 105 AD3d 831, 832 [2013]; *Indymac Fed. Bank FSB v Quattrochi*, 99 AD3d 763, 764 [2012]; *McIntyre v Emanuel Church of God In Christ, Inc.*, 37 AD3d 562, 562 [2007]). In opposition to the plaintiff's motion and in support of its cross motion to dismiss the complaint on the ground of lack of personal jurisdiction, the defendant

submitted an affidavit from the director of health information management at Long Island Jewish Medical Center (hereinafter LIJMC), attesting to the fact that the address where process was delivered was the address of LIJMC and not of the defendant, that no employee of the health information management department was authorized to accept service on behalf of the defendant, and that the director did not know the person described in the affidavit of service as the recipient of process. The affidavit submitted by the defendant was sufficient to rebut the allegations contained in the affidavit of service and raise issues of fact as to whether the defendant was properly served (*see Rosario v NES Med. Servs. of N.Y., P.C.*, 105 AD3d at 832; *Miterko v Peaslee*, 80 AD3d 736 [2011]; *McIntyre v Emanuel Church of God In Christ, Inc.*, 37 AD3d 562 [2007]). Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing to determine whether the defendant was properly served and, thereafter, for a new determination of the plaintiff's motion and the defendant's cross motion.

The plaintiff's remaining contention is without merit. Mastro, J.P., Chambers, Cohen and Barros, JJ., concur.

Motion by the appellant, on an appeal from an order of the Supreme Court, Queens County, entered October 10, 2013, to strike stated portions of the respondent's brief on the ground that they improperly raise issues for the first time on appeal and refer to matter dehors the record. By decision and order on motion of this Court dated July 24, 2014, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon submission of the appeal, it is

Ordered that the motion is granted, and the full paragraph which begins and ends on page 2 of the respondent's brief is deemed stricken and has not been considered in the determination of the appeal. Mastro, J.P., Chambers, Cohen and Barros, JJ., concur.