■ LEONARD HAYDEN, Respondent, v SOUTHERN WINE & SPIRITS OF UPSTATE NEW YORK, INC., Appellant, et al., Defendants. [5 NYS3d 222]—

In an action to recover damages for personal injuries, the defendant Southern Wine & Spirits of Upstate New York, Inc., appeals from an order of the Supreme Court, Orange County (Bartlett, J.), dated June 27, 2013, which denied its motion, made jointly with the defendant Southern Wine & Spirits, pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it and the defendant Southern Wine & Spirits for lack of personal jurisdiction.

Ordered that the order is affirmed, without costs or disbursements.

CPLR 311 (a) (1) provides that personal service on a corporation shall be made, inter alia, by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." A process server's affidavit of service constitutes prima facie evidence of proper service on a corporation pursuant to CPLR 311 (a) (1) (*see Rosario v NES Med. Servs. of N.Y., P.C.*, 105 AD3d 831, 832 [2013]; *Indymac Fed. Bank FSB v Quattrochi*, 99 AD3d 763, 764 [2012]; *C&H Import & Export, Inc. v MNA Global, Inc.*, 79 AD3d 784, 784 [2010]). Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to detailed and specific facts to rebut the statements in the process server's affidavit (*see Rosario v NES*

*Med. Servs. of N.Y., P.C.*, 105 AD3d at 832; *Indymac Fed. Bank FSB v Quattrochi*, 99 AD3d at 764; *US Natl. Bank Assn. v Melton*, 90 AD3d 742, 743 [2011]).

Here, the process server's affidavit, which stated, inter alia, that personal service was effected by delivering a copy of the summons and complaint to an "authorized agent," and provided a description of that person, constituted prima facie evidence of proper service pursuant to CPLR 311 (a) (1) (*see Rosario v NES Med. Servs. of N.Y., P.C.*, 105 AD3d at 832; *Indymac Fed. Bank FSB v Quattrochi*, 99 AD3d at 764; *C&H Import & Export, Inc. v MNA Global, Inc.*, 79 AD3d at 784; *McIntyre v Emanuel Church of God In Christ, Inc.*, 37 AD3d 562 [2007]). The movants failed to rebut the plaintiff's prima facie showing. The affidavit of a risk management consultant for all automobile insurance litigation for the movants did not state that the affidavit was based on her personal knowledge, or explain how she had knowledge of the facts stated therein, nor was it based on evidence in the record (*see Jaffa v Afrodiam, Ltd.*, 93 AD3d 758 [2012]; *New S. Ins. Co. v Dobbins*, 71 AD3d 652 [2010]). Thus, that branch of the appellant's motion which was to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction was properly denied. The appellant's remaining contention is without merit. Accordingly, the Supreme Court properly denied the motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against the appellant and the defendant Southern Wine & Spirits. Balkin, J.P., Roman, Sgroi and Miller, JJ., concur.