# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

814
CA 15-00049
PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

INTERBORO INSURANCE COMPANY,
PLAINTIFF-APPELLANT,

V                                                     MEMORANDUM AND ORDER

FATIMA TAHIR, ET AL., DEFENDANTS,
BUSHRA NAZ, CLIFFSIDE PARK IMAGING &
DIAGNOSTIC CENTER, AND KIMBA MEDICAL
SUPPLY, LLC, DEFENDANTS-RESPONDENTS.

---

LAW OFFICE OF JASON TENENBAUM, P.C., GARDEN CITY (JASON TENENBAUM OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

-----------------------------------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered April 24, 2014. The order and judgment, among other things, denied that part of plaintiff's motion for leave to enter a default judgment against defendants Bushra Naz, Cliffside Park Imaging & Diagnostic Center and Kimba Medical Supply, LLC.

It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by granting that part of the motion for leave to enter a default judgment against defendant Cliffside Park Imaging & Diagnostic Center and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiff appeals from an order and judgment that, inter alia, denied its motion pursuant to CPLR 3215 for leave to enter a default judgment against defendants Bushra Naz, Cliffside Park Imaging & Diagnostic Center (Cliffside), and Kimba Medical Supply, LLC (Kimba). Defendants Naz and Fatima Tahir made claims for no-fault benefits arising from injuries they allegedly sustained in an automobile accident covered by an insurance policy issued to plaintiff's policyholder. Naz and Tahir assigned their rights to collect no-fault benefits to certain medical providers, including Cliffside and Kimba, each of which made claims for services rendered to Naz and Tahir as a result of the alleged accident. Plaintiff disclaimed coverage based on the failure of Naz and Tahir to provide timely written notice of the accident pursuant to the insurance policy, and thereafter commenced this action seeking a declaration that there is no coverage. Plaintiff subsequently moved for leave to enter a default judgment against each defendant on the ground that the summons and verified complaint had been properly served and defendants did not timely serve an answer or otherwise appear in the action.

Supreme Court denied the motion with respect to Naz, Cliffside, and Kimba, and otherwise granted the motion.

"On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defaulting party's default in answering or appearing" (*Atlantic Cas. Ins. Co. v RJNJ Servs., Inc.*, 89 AD3d 649, 651; *see* CPLR 3215 [f]).  Here, plaintiff submitted sufficient proof of the facts constituting its claim through the affidavit of a claims representative establishing that Tahir and Naz failed to satisfy the notice requirement of the insurance policy, which constitutes a failure to comply with a condition precedent and vitiates the contract as a matter of law (*see generally New York & Presbyt. Hosp. v Country-Wide Ins. Co.*, 17 NY3d 586, 592-593; *Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743; *Matter of Progressive Northeastern Ins. Co. [Heath]*, 41 AD3d 1321, 1322).  Plaintiff also submitted proof of default in the form of "an affirmation from its attorney regarding . . . defendant[s'] default in appearing and answering" (*599 Ralph Ave. Dev., LLC v 799 Sterling Inc.*, 34 AD3d 726, 726).

We further conclude, however, that plaintiff submitted sufficient proof of service of process, the remaining required element of proof, only with respect to Cliffside, a corporation, and thus the court erred in denying plaintiff's motion to that extent.  We therefore modify the order and judgment accordingly.  Pursuant to CPLR 311 (a), "personal service on a corporation may be accomplished by, inter alia, delivering the summons 'to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service' " (*Rosario v NES Med. Servs. of N.Y., P.C.*, 105 AD3d 831, 832).  Here, "[t]he process server's affidavit, which stated that the corporate defendant was personally served by delivering a copy of the summons and complaint to its '[authorized] agent' and provided a description of that person, constituted prima facie evidence of proper service pursuant to CPLR 311 (a) (1)" (*McIntyre v Emanuel Church of God In Christ, Inc.*, 37 AD3d 562, 562; *see Miterko v Peaslee*, 80 AD3d 736, 737; *see generally Halas v Dick's Sporting Goods*, 105 AD3d 1411, 1413-1414).

Contrary to plaintiff's contention, the court properly denied its motion with respect to Naz, who was allegedly served by the "nail and mail" method of service.  CPLR 308 (4) allows that method of service only "when service pursuant to CPLR 308 (1) and (2) cannot be made with due diligence" (*Austin v Tri-County Mem. Hosp.*, 39 AD3d 1223, 1224) and, although a process server's affidavit of service ordinarily constitutes prima facie evidence of proper service, here the process server's affidavit submitted by plaintiff fails to demonstrate the requisite due diligence (*see D'Alesandro v Many*, 137 AD2d 484, 484; *see generally Matter of El Greco Socy. of Visual Arts, Inc. v Diamantidis*, 47 AD3d 929, 929-930).  The affidavit failed to indicate whether there was an attempt to effectuate service at Naz's actual

"dwelling place or usual place of abode" (CPLR 308 [4]), and there is no indication that the process server made genuine inquiries to ascertain Naz's actual residence or place of employment (*see Prudence v Wright*, 94 AD3d 1073, 1074; *Earle v Valente*, 302 AD2d 353, 353-354).

We also reject plaintiff's contention that the court erred in denying its motion with respect to Kimba, a limited liability company. Plaintiff alleged that Kimba was served pursuant to Limited Liability Company Law § 304. That statute is substantively identical to Business Corporation Law § 307, and both statutes apply to foreign business entities not authorized to do business in New York. We conclude that, just as strict compliance with the procedures set forth in Business Corporation Law § 307 is required pursuant to *Flick v Stewart-Warner Corp.* (76 NY2d 50, 54-55, 57, *rearg denied* 76 NY2d 846), strict compliance is likewise required for the procedures set forth in Limited Liability Company Law § 304 (*see Elzofri v American Express Co.*, 29 Misc 3d 898, 901). Here, plaintiff failed to establish that it strictly complied with the filing requirements of Limited Liability Company Law § 304 (e).

Entered:  June 19, 2015                        Frances E. Cafarell
                                               Clerk of the Court