Lev Aminov, M.D., as Assignee of April Cuffy, Appellant, 
against
Allstate Ins. Co., Respondent.




Gary Tsirelman, P.C. (David M. Gottlieb of counsel), for appellant.
Peter C. Merani, P.C. (Eric M. Wahrburg and Smauel Kamara of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered August 9, 2016. The order granted the branches of defendant's motion seeking, in effect pursuant to CPLR 5015 (a) (1) and (4), to vacate a judgment of that court entered October 31, 2014 upon defendant's failure to appear or answer the complaint, and to compel plaintiff to accept defendant's answer.




ORDERED that the order is reversed, with $30 costs, the branches of defendant's motion seeking, in effect pursuant to CPLR 5015 (a) (1) and (4), to vacate the judgment entered October 31, 2014, and to compel plaintiff to accept defendant's answer are denied, and the matter is remitted to the Civil Court to determine the remaining branches of defendant's motion.
In this action by a provider to recover assigned first-party no-fault benefits, the affidavit of service indicates that defendant was served on September 16, 2014 by delivery of the summons and complaint to Grace Annunziata at defendant's Brooklyn office. The affidavit described Annunziata and stated that she was known to the process server to be defendant's employee, who was authorized to accept delivery at that Brooklyn address. Defendant failed to appear or answer, and, upon plaintiff's motion, a default judgment in the amount of $4,057.51 was entered against defendant on October 31, 2014. In October 2015, defendant moved, in effect pursuant to CPLR 5015 (a) (1) and (4), to, among other things, vacate the default judgment and [*2]compel plaintiff to accept defendant's answer, which was annexed to the motion papers. Defendant's claim representative asserted in an affidavit in support of the motion that the summons had not been "served on Allstate as alleged." Defendant's motion also sought the alternative relief of modification of the judgment on the ground that the interest was not correctly calculated. Plaintiff opposed the motion. By order entered August 9, 2016, the Civil Court granted the branches of defendant's motion seeking to vacate the default judgment and to compel plaintiff to accept defendant's answer, finding that defendant had established a reasonable excuse for the default and a potentially meritorious defense to the action.
A defendant seeking to vacate a default in appearing or answering based on an excusable default must demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). Here, the summons and complaint were served by a process server, who provided a description of Grace Annunziata, the recipient of service, and attested that Annunziata was known to him to be defendant's employee who was authorized to accept service at defendant's address. "A process server's affidavit of service constitutes prima facie evidence of proper service on a corporation pursuant to CPLR 311 (a) (1)" (Hayden v Southern Wine & Spirits of Upstate NY, Inc., 126 AD3d 673, 673 [2015] [internal citations omitted]).
Although a defendant's sworn denial of receipt of service may rebut the presumption of proper service established by the process server's affidavit, defendant did not submit an affidavit from Annunziata denying either that she had been authorized to accept service or that she had accepted service of the summons and complaint (see Pain Mgt. Ctr. of N.J., P.C. v All Car Rent-A-Car, 57 Misc 3d 138[A], 2017 NY Slip Op 51310[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Rather, defendant proffered an affidavit by its claim representative, who admitted that defendant maintained a claims office at the same Brooklyn address which is listed in the affidavit of service. Defendant's claim representative's assertion that the summons was not "served on Allstate as alleged" lacked sufficient detail to rebut the prima facie proof of proper service set forth in the affidavit of service (see Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719 [2014]) and did not demonstrate a reasonable excuse for defendant's default (see Herrera v MTA Bus Co., 100 AD3d 962 [2012]). We note that defendant also failed to adequately explain its 11-month delay in seeking to vacate its default (see Deutsche Bank Natl. Trust Co. v Gutierrez, 102 AD3d 825 [2013]).
As the Civil Court did not determine the remaining branches of defendant's motion seeking, in the alternative, to, among other things, modify the judgment, the matter is remitted to the Civil Court for a determination of the remaining branches of defendant's motion.
Accordingly, the order is reversed, the branches of defendant's motion seeking, in effect pursuant to CPLR 5015 (a) (1) and (4), to vacate the judgment entered October 31, 2014, and to compel plaintiff to accept defendant's answer are denied, and the matter is remitted to the Civil Court to determine the remaining branches of defendant's motion.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 04, 2019