Crystal Santomauro, LMT, as Assignee of Bertram Collins, Appellant, 
against
Allstate Ins. Co., Respondent. 




Gary Tsirelman, P.C. (Devon Riley Christian and David M. Gottlieb of counsel), for appellant.
Law Offices of Peter C. Merani, P.C. (Edward M. Tobin and Adam Waknine of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Joy F. Campanelli, J.), dated August 30, 2017. The order, insofar as appealed from as limited by the brief, granted the branches of defendant's motion seeking to vacate a judgment of that court entered July 28, 2016 upon defendant's failure to appear or answer the complaint, and to compel plaintiff to accept defendant's answer.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and the branches of defendant's motion seeking to vacate the default judgment and to compel plaintiff to accept defendant's answer are denied.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals, as limited by her brief, from so much of an order of the Civil Court as granted the branches of defendant's motion seeking to vacate a judgment of that court, entered July 28, 2016 upon defendant's failure to appear or answer the complaint, and to compel plaintiff to accept defendant's answer. 
At the outset, we note that the process server's affidavit constituted prima facie evidence of proper service of process upon defendant pursuant to CPLR 311 (a) (1), by serving a general agent of defendant who was authorized to accept service on its behalf (see Hayden v Southern Wine & Spirits of Upstate NY, Inc., 126 AD3d 673 [2015]; Teitelbaum v North Shore-Long Is. Jewish Health Sys., Inc., 123 AD3d 1006 [2014]; Indymac Fed. Bank FSB v Quattrochi, 99 AD3d 763 [2012]).
A defendant seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the [*2]action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., Inc., 67 NY2d 138, 141 [1986]; Progressive Cas. Ins. Co. v Excel Prods., Inc., 171 AD3d 812 [2019]; Westchester Med. Ctr. v Allstate Ins. Co., 80 AD3d 695 [2011]). Here, we find that the Civil Court improvidently exercised its discretion in determining that defendant had provided a reasonable excuse for its default. Defendant submitted an affidavit by the employee allegedly served. However, the employee did not indicate whether he had in fact been served or even that he could not recall whether he had been served. Instead, he stated only that "[o]ne of my duties is to act as the receptionist" at defendant's Brooklyn location and then purported to describe defendant's business practices and procedures in recording receipt of summonses and complaints in its computer system. However, defendant's employee did not indicate whether he had employed those practices and procedures at the time in question. An affidavit submitted by another of defendant's employees, its claim representative, asserted conclusorily that defendant had not been served with the summons and complaint, since it did not have a record in its computer system of having received process. These affidavits are insufficient to warrant the relief requested (see Pierre J. Renelique Physician, P.C., as Assignee of Jose Mercado v Allstate Ins. Co., ___ Misc 3d ___, 2019 NY Slip Op 29225 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). 
Accordingly, the order, insofar as appealed from, is reversed and the branches of defendant's motion seeking to vacate the default judgment and to compel plaintiff to accept defendant's answer are denied.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 23, 2019