U.S. Bank Natl. Assn. v Aorta (2019 NY Slip Op 07106)





U.S. Bank Natl. Assn. v Aorta


2019 NY Slip Op 07106


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2016-05574
 (Index No. 10075/08)

[*1]U.S. Bank National Association, etc., respondent,
v
Noam Aorta, appellant, et al., defendants.


Grant Pudalov, P.C. (Farber Brocks & Zane LLP, Garden City, NY [Tracy L. Frankel], of counsel), for appellant.
Rosicki, Rosicki & Associates, P.C., Plainview, NY (Kenneth Sheehan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Noam Aorta appeals from a judgment of foreclosure and sale of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered January 30, 2016. The judgment of foreclosure and sale, upon an order of the same court entered November 20, 2015, granting the plaintiff's motion, inter alia, for a judgment of foreclosure and sale, and denying the cross motion of the defendant Noam Aorta, among other things, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, inter alia, directed the sale of the subject property and awarded the plaintiff an attorney's fee in the sum of $2,500.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
In May 2008, the plaintiff commenced this action against, among others, the defendant Noam Aorta (hereinafter the defendant) to foreclose a mortgage on certain real property located in Roslyn Heights (hereinafter the premises). The defendant failed to appear or answer the complaint. In an order dated July 20, 2009, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment and for an order of reference, and appointed a referee to compute the amount due on the mortgage loan. In November 2009, the plaintiff moved for a judgment of foreclosure and sale. In an order dated February 16, 2011, the court denied the motion without prejudice on the ground that the plaintiff was required to submit an affirmation in compliance with a recently adopted rule of the Chief Administrative Judge. The court subsequently granted a motion by the plaintiff to appoint a successor referee.
In March 2015, the plaintiff moved, inter alia, for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved, among other things, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, contending that he was never properly served with the summons and complaint in the action. In an order entered November 20, 2015, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. Thereafter, on January 30, 2016, the court entered a judgment of foreclosure and sale, inter alia, directing the sale of the premises and awarding the plaintiff an attorney's fee in the sum of $2,500. The defendant appeals from the judgment of foreclosure and sale.
Contrary to the defendant's contention, the Supreme Court properly denied that branch of his cross motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. A process server's affidavit of service constitutes prima facie evidence of proper service (see Rolling Acres Developers, LLC v Montinat, 166 AD3d 696; Indymac Fed. Bank FSB v Quattrochi, 99 AD3d 763, 764; C & H Import & Export, Inc. v MNA Global, Inc., 79 AD3d 784, 784; McIntyre v Emanuel Church of God in Christ, Inc., 37 AD3d 562, 562). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavit" (Indymac Fed. Bank FSB v Quattrochi, 99 AD3d at 764 [citation and internal quotation marks omitted]; see Countrywide Home Loans Servicing, LP v Albert, 78 AD3d 983, 984-985; Scarano v Scarano, 63 AD3d 716, 716).
Here, in opposition to the facially sufficient affidavit of service submitted by the plaintiff establishing that valid service had been made pursuant to CPLR 308(2), the defendant failed to establish that he resided elsewhere on the date of service and that no person matching the physical description of the served individual was present at the location. Rather, he provided only bare and unsubstantiated denials of service that were insufficient to rebut the presumption created by the process server's affidavit (see LaSalle Bank N.A. v Calle, 153 AD3d 801, 803).
The defendant's contention that the attorney's fee awarded to the plaintiff was not reasonable is unpreserved for appellate review (see SO/Bluestar, LLC v Canarsie Hotel Corp., 33 AD3d 986, 987) and, in any event, without merit.
The defendant's remaining contentions are without merit.
MASTRO, J.P., AUSTIN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court