GC Chiropractic, P.C., as Assignee of German Tome, Respondent, 
against
Allstate Ins. Co., Appellant. 




Peter C. Merani, P.C. (Adam Waknine of counsel), for appellant.
Gary Tsirelman, P.C. (Selina Chin, David M. Gottlieb and Doug Mace of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S. Garson, J.), entered December 4, 2017. The order denied defendant's motion, pursuant to CPLR 5015 (a) (1), to, among other things, vacate a judgment of that court entered July 27, 2016 upon defendant's failure to appear or answer the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court, entered December 4, 2017, which denied defendant's motion, pursuant to CPLR 5015 (a) (1), to, among other things, vacate a judgment of that court entered July 27, 2016 upon defendant's failure to appear or answer the complaint, finding that defendant had failed to establish a reasonable excuse for its default. 
The affidavit of service indicates that defendant was served on May 13, 2016 by delivery of the summons and complaint to an individual at defendant's offices who was known to the process server to be defendant's employee authorized to accept service of process. The process server's affidavit constituted prima facie evidence of proper service of process upon defendant pursuant to CPLR 311 (a) (1), by serving a general agent of defendant who was authorized to accept service on its behalf (see Hayden v Southern Wine & Spirits of Upstate NY, Inc., 126 AD3d 673 [2015]; Teitelbaum v North Shore-Long Is. Jewish Health Sys., Inc., 123 AD3d 1006 [*2][2014]; Indymac Fed. Bank FSB v Quattrochi, 99 AD3d 763 [2012]; Santomauro v Allstate Ins. Co., 64 Misc 3d 149[A], 2019 NY Slip Op 51413[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). 
A defendant seeking to vacate a default judgment based on excusable default must demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). For the reasons stated in Santomauro (64 Misc 3d 149[A], 2019 NY Slip Op 51413[U]), we find that the affidavit submitted by defendant's employee in support of defendant's motion, which is virtually identical to that submitted in Santomauro, was insufficient to establish an excusable default (see also Renelique v Allstate Ins. Co., 64 Misc 3d 98 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
Accordingly, the order is affirmed. 
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 29, 2019