Bold Broadcasting, LLC v Wawaloam Reservation, Inc. (2024 NY Slip Op 05196)

Bold Broadcasting, LLC v Wawaloam Reservation, Inc.

2024 NY Slip Op 05196

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2023-08565
 (Index No. 204154/22)

[*1]Bold Broadcasting, LLC, etc., respondent,
v
Wawaloam Reservation, Inc., appellant.

Law Office of Suzanne M. Saia, LLC, Rye Brook, NY, for appellant.
Law Office of Alan C. Stein, P.C., Woodbury, NY, for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated July 12, 2023. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 5015(a) to vacate a clerk's judgment of the same court entered December 14, 2022, upon the defendant's failure to appear or answer the complaint, which is in favor of the plaintiff and against the defendant in the total sum of $420,012.78.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 5015(a) to vacate the clerk's judgment is granted.
In or about October 2022, the plaintiff commenced this action against the defendant to recover damages for breach of contract. The plaintiff filed an affidavit of service in which the plaintiff's process server stated that service was made upon the defendant by delivery of a copy of the summons and complaint to "Wendy Lewis (office [illegible])" at an address in Rhode Island. The defendant failed to appear or answer the complaint. On December 14, 2022, a clerk's judgment was entered upon the defendant's default in favor of the plaintiff and against the defendant in the total sum of $420,012.78. In May 2023, the defendant moved, inter alia, pursuant to CPLR 5015(a)(1) and (4) to vacate the clerk's judgment. By order dated July 12, 2023, the Supreme Court, among other things, denied that branch of the motion. The defendant appeals.
Pursuant to CPLR 311(a)(1), service upon a foreign corporation shall be made by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." "In addition, service may be made upon someone whom the corporation cloaks with authority" (Aguilera v Pistilli Constr. & Dev. Corp., 63 AD3d 765, 767). "The burden of proving that personal jurisdiction has been acquired over a defendant in an action rests with the plaintiff" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589; see JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d 1183, 1185). "'The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process. In those instances in which process has not been served upon a defendant, all subsequent proceedings will be rendered null and void'" (Christiana Trust v Leriche, 219 AD3d 564, 566, quoting Washington Mut. Bank v Murphy, 127 AD3d 1167, 1173-1174; see [*2]Matter of Exxon Mobil Corp. v New York City Dept. of Envtl. Protection, 178 AD3d 696, 698).
The plaintiff failed to establish that personal jurisdiction had been acquired over the defendant through proper service of process. Although a process server's affidavit of service ordinarily constitutes prima facie evidence of proper service (see Hayden v Southern Wine & Spirits of Upstate N.Y., Inc., 126 AD3d 673, 673), here, the affidavit of service contained no indication that Lewis was an agent of the defendant authorized to accept service on the defendant's behalf (see CPLR 311[1][a]; Heller v Frota Oceanica E Amazonica, S.A., 81 AD3d 894, 897; Hossain v Fab Cab Corp., 57 AD3d 484, 485; Gleizer v American Airlines, Inc., 30 AD3d 376; cf. Hayden v Southern Wine & Spirits of Upstate N.Y., Inc., 126 AD3d 673, 673). Accordingly, the Supreme Court should have granted, pursuant to CPLR 5015(a)(4), that branch of the defendant's motion which was to vacate the clerk's judgment.
The defendant's remaining contentions need not be reached in light of our determination.
DILLON, J.P., DOWLING, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court