■    JOHN C. FOGLIA et al., Respondents, v FASHION FLOORS INC, Appellant.—In an action to recover damages, *inter alia,* for breach of warranty, defendant appeals from an order of the Supreme Court, Suffolk County, dated March 25, 1980, which denied its motion to vacate a default in answering and granted plaintiffs' cross motion to have the matter calendared for an inquest. Order reversed, without costs or disbursements, motion granted and cross motion denied, on the conditions that defendant serve its answer and pay $250 to the plaintiffs within 10 days after service upon it of a copy of the order to be made hereon, together with notice of entry thereof; in the event such conditions are not complied with, then order affirmed, with $50 costs and disbursements. Under the circumstances of the instant case, wherein the default in answering resulted from an apparent mix-up in the offices of the corporate defendant which resulted in the untimely forwarding of the summons and complaint to defendant's attorney, it not only appears that the default was inadvertent and did not result from any intention on the part of defendant to abandon its defense of the action, but that (1) defendant moved promptly (within 19 days) to vacate its default, and (2) a meritorious defense, raising bona fide issues of fact, can be pleaded. On this state of the record, Special Term's denial of the defendant's motion constituted an improvident exercise of discretion (see *Anolick v Travelers Ins. Co.,* 63 AD2d 665; see, also, *A & J Concrete Corp. v Arker,* 78 AD2d 689; *Sortino v Fisher,* 20 AD2d 25, 32-33). Mangano, J. P., Gibbons, Gulotta and O'Connor, JJ., concur.