■ AUGUST RIOS et al., Respondents, v WILCOX CONSTRUCTION CORP. et al., Defendants, and RESTORATION-CARISTO CONSTRUCTION COMPANY et al., Appellants. — In a negligence action to recover damages for personal injuries, etc., defendants Restoration-Caristo Construction Co. and Caristo Construction Corp. appeal from an order of the Supreme Court, Queens County (Kassoff, J.), entered June 30, 1982, which denied their motions (1) to vacate an order of the same court, dated February 2, 1982, which upon finding them in default in answering the complaint, set the matter down for an inquest of damages against them, and (2) for leave to serve and file an answer. Order affirmed, with $50 costs and disbursements. Plaintiffs commenced this action against the appellants by service of summons and complaint upon them. Appellants transmitted the papers to their insurance broker, who in turn forwarded them to the New York office of the carrier, the Hartford Accident and Indemnity Co. (hereinafter the Hartford). Appellants claim that on October 2, 1981, the Hartford's New York office mailed the papers to its office in Floral Park which was responsible for the case, but that the Floral Park office never received them. Thereafter, the Hartford claims not to have received any communication regarding this case until March 2, 1982, when it received a note of issue and a copy of an order dated February 2, 1982 which severed plaintiffs' action against the defaulting defendants and set the matter down for an assessment of damages against them. This material was forwarded to the Floral Park

office. That office claims that the note of issue was the first notice it received of the lawsuit. Appellants acknowledge that on or about January 4, 1982 they received a copy of plaintiffs' notice of motion and supporting papers which sought a severance against the defendants who were in default in answering and leave to proceed to judgment against them. However, they claim to have referred those papers to their broker. The Hartford makes no mention of such papers, and there is no affidavit by the broker as to whether they were transmitted to the Hartford. Nor does the Hartford address the allegations contained in a letter by one of the principals of appellant Restoration-Caristo Construction Co., a joint venture, that it failed to provide any defense despite repeated requests for representation. Neither the appellants nor the Hartford comments upon plaintiffs' assertions that letters, copies of which appear in the record, were sent to the principals of the appellants, which advised them that they were in default and asked them to have their insurers contact plaintiffs' attorneys. This is not a case such as *Swidler v World-Wide Volkswagen Corp.* (85 AD2d 239), in which there was no proof that the carrier knew of the existence of the lawsuit. The Hartford acknowledges that its New York office had such knowledge. The fact that its Floral Park office did not receive the summons and complaint does not place the Hartford in the same position as a carrier who never received notice of a lawsuit. Rather, it was the responsibility of the New York office to follow up and make sure that the Floral Park office received the pleadings. In addition, there is evidence that other correspondence and motion papers were ignored by the appellants, their broker, and/or the Hartford. Thus, the default was not due to "a single, isolated, inadvertent mistake" (*Anolick v Travelers Ins. Co.,* 63 AD2d 665, 666), but was part of appellants', their broker's, and/or the carrier's repeated failure to act regarding this matter. Accordingly, Special Term did not abuse its discretion by denying appellants' motions to, *inter alia,* vacate the order of February 2, 1982 entered upon their default. O'Connor, J. P., Bracken, Brown and Niehoff, JJ., concur.