■ JOAN MURRIN, Appellant, v JAMES MURRIN, Respondent. — In a matrimonial action, plaintiff appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated September 30, 1982, which, *inter alia,* (1) directed her to deposit the sum of $5,159 into certain accounts with Merrill Lynch, Pierce, Fenner & Smith, on or before August 7, 1982, (2) stated that if she failed to so deposit said sum she would be adjudged in contempt and would be fined $5,159, and (3) allowed her to purge herself of contempt by depositing $5,159 into said accounts within 10 days after service of said order upon her attorney. Order modified, on the law, by deleting the second, third, fourth and fifth decretal paragraphs. As so modified, order affirmed, without costs or disbursements. Plaintiff's time to comply with the direction in the first decretal paragraph is extended until 10 days after service upon her of a copy of the order to be made hereon, with notice of entry. Section 756 of the Judiciary Law mandates that an application to punish for civil contempt be commenced "by notice of motion returnable before the court or judge authorized to punish for the offense, or by an order of such court or judge requiring the accused to show cause * * * why the accused should not be punished for the alleged offense". Absent the requisite notice and warning set forth by that statute, Special Term was without jurisdiction to punish for contempt (*Barreca v Barreca,* 77 AD2d 793). Moreover, an order requiring the performance of an act may not include an additional clause stating that in default thereof, the party will be guilty of contempt of court (see *Bradbury v Bliss,* 23 App Div 606). Accordingly, the order is modified by deleting the decretal paragraphs thereof stating that plaintiff would be adjudged in contempt of court if she failed to deposit the funds in question and which made further directions in the event of her failure to comply. Titone, J. P., Lazer, Weinstein and Boyers, JJ., concur.

■ AUGUST RIOS et al., Respondents, v WILCOX CONSTRUCTION CORP. et al., Defendants, and BEDFORD-STUYVESANT RESTORATION CONSTRUCTION CORP., Appellant. — Order of the Supreme Court, Queens County (Kassoff, J.), dated September 16, 1982, affirmed, with $50 costs and disbursements (see *Rios v Wilcox Constr. Corp.,* 90 AD2d 826). Mollen, P. J., Damiani, Titone and Mangano, JJ., concur.

■ JOSEPH SALESI, Individually and as Administrator of the Estate of VIRGINIA SALESI, Deceased, Respondent, v WILLIAM NIEVES et al., Appellants. — In a negligence action to recover damages, *inter alia,* for wrongful death, defendants appeal from an order of the Supreme Court, Kings County (Morton, J.), dated April 1, 1982, which denied their motion to dismiss the complaint as to William Nieves, on the grounds (1) that the court lacked jurisdiction over the person of that defendant and (2) that the Statute of Limitations had run as to him. Order affirmed, with $50 costs and disbursements. Special Term properly held that on the facts presented, it was proper to provide, pursuant to CPLR 308 (subd 5), for service of process by mailing a copy thereof by regular mail to defendant Nieves at his last known address and by sending a copy to a liability insurance company by certified mail return receipt requested, where other means of service were "impracticable" (see *Dobkin v Chapman,* 21 NY2d 490). There was no need for a showing of prior attempts at service upon that defendant, nor was " 'due diligence' " on the part of the plaintiff required (see *Liebeskind v Liebeskind,* 86 AD2d 207, 210). Titone, J. P., Thompson, Rubin and Boyers, JJ., concur.