■ MICHAEL MCCARTHY, Doing Business as SNELLING & SNELLING OF BINGHAMTON, Respondent, v CHEF ITALIA, INC., Appellant. — Appeal from an order of the County Court of

Broome County (Coutant, J.), entered December 6, 1983, which denied defendant's motion to vacate a default judgment in favor of plaintiff.

This action to recover $6,800 for services rendered was commenced on August 30, 1983 by service on defendant of a summons and complaint. Defendant failed to answer and plaintiff, although not technically required to do so under CPLR 308, mailed to defendant a second summons and complaint on September 21, 1983. Defendant does not deny receiving this mailing; nevertheless, it again did not answer. A default judgment was thereupon entered by the clerk in favor of plaintiff on October 13, 1983; defendant does not contend that plaintiff's claim was other than for a sum certain (CPLR 3215, subd [a]). Five days after the judgment was entered, defendant's bank accounts were restrained and a motion pursuant to CPLR 5015 (subd [a], par 1) to vacate the judgment was made shortly thereafter. Denial of that motion by County Court prompted this appeal.

We find no abuse of discretion (see *Cohen v Levy,* 50 AD2d 1039). When a default results not from an isolated, inadvertent mistake (see *Foglia v Fashion Floors,* 79 AD2d 598), but from repeated neglect of legal process, there is no incentive for the court to set aside a default judgment (*Rios v Wilcox Constr. Corp.,* 90 AD2d 826, 827).

Before initiating suit, plaintiff's attorney wrote urging defendant to contact plaintiff's principal, as defendant had apparently agreed to do earlier, to attempt to work the matter out. There was no response to that communication. Thereafter, on two separate occasions, the summons and complaint were received by defendant. When service was initially effected, defendant's vice-president was personally served. He turned the papers over to the executive president, who in turn forwarded them to defendant's director of operations for handling. The latter claims that because he "was frequently absent from the corporate headquarters", he never became aware of the summons and complaint until after the default judgment had been entered. This excuse is less than compelling. Furthermore, no excuse has been provided for failing to answer the second summons and complaint, which defendant does not deny receiving. Defendant's officers obviously knew of this pending lawsuit yet repeatedly failed to act. Given these circumstances, inexcusable neglect has been shown.

Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.