■ SOUND SHORE MEDICAL CENTER, as Assignee of MELVIN MANSFIELD, JR., Appellant, v LUMBERMENS MUTUAL CASUALTY COMPANY, Respondent. [819 NYS2d 102]—

In an action to recover no-fault medical payments, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated December 8, 2005, as granted that branch of the defendant's motion which was to vacate a clerk's judgment of the same court entered June 16, 2005, upon its failure to appear or answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

A party seeking to vacate a judgment entered on default must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]). The defendant established a reasonable excuse for the delay in serving its answer by submitting an affidavit from its employee attesting to a clerical error regarding the delay in forwarding the summons and complaint to its attorney and in answering the complaint (*see Triangle Transp., Inc. v Markel Ins. Co.*, 18 AD3d 229 [2005]; *Burgos v Allcity Ins. Co.*, 272 AD2d 195 [2000]). Moreover, that affidavit established that the default was not willful or deliberate, and there was no showing of prejudice to the plaintiff (*see Gaylord v Serafino*, 274 AD2d 547 [2000]; *Murphy v D.V. Waste Control Corp.*, 124 AD2d 573 [1986]; *Foglia v Fashion Floors*, 79 AD2d 598 [1980]). Furthermore, the defendant made a prima

facie showing of a meritorious defense (*see* 11 NYCRR 65-1.1; *St. Vincent's Hosp. & Med. Ctr. v Country Wide Ins. Co.,* 24 AD3d 748 [2005], *lv denied* 7 NY3d 702 [2006]; *65 N. 8 St. HDFC v Suarez,* 18 AD3d 732 [2005]; *Anamdi v Anugo,* 229 AD2d 408 [1996]). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was to vacate the clerk's judgment entered against it upon its failure to appear or answer (*see Harcztark v Drive Variety, Inc.,* 21 AD3d 876 [2005]). Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.