■ JUAN CARLOS PEREZ, Respondent, v TRAVCO INSURANCE COMPANY, Appellant. [843 NYS2d 390]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled *Araujo v Aviles,* pending in the Supreme Court, Kings County, under index No. 22868/04, the defendant appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated March 8, 2007, which granted the plaintiff's motion for leave to enter a judgment against it upon its failure to appear or answer the complaint and denied its cross motion to vacate its default and to compel the plaintiff to accept its verified answer.

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, the plaintiff's motion for leave to enter a judgment against the defendant upon its failure to appear or answer the complaint is denied, the defendant's cross motion to vacate its default and to compel the plaintiff to accept its verified answer is granted, and the verified answer is deemed timely served.

A defendant seeking to vacate a judgment entered on default must demonstrate a reasonable excuse for its delay in appearing or answering the complaint and a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]). The defendant established a reasonable excuse for the short period of time in which it failed either to appear or answer the complaint through an employee's affidavit, which attested to a clerical oversight regarding the delay in forwarding the summons and complaint to its attorney (*see Sound Shore Med. Ctr. v Lumbermens Mut. Cas. Co.*, 31 AD3d 743 [2006]). Furthermore, the defendant demonstrated that it has a potentially meritorious defense (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]; *Paul Developers, LLC v Maryland Cas. Ins. Co.*, 28 AD3d 443 [2006]; *Sayed v Macari*, 296 AD2d 396 [2002]). Accordingly, the Supreme Court improvidently exercised its discretion, inter alia, in denying the defendant's cross motion to vacate its default and to compel acceptance of its answer in light of the strong public policy that actions be resolved on their merits, the brief delay involved, the defendant's lack of willfulness, and the absence of prejudice to the plaintiff (*see New York & Presbyt. Hosp. v American Home Assur. Co.*, 28 AD3d 442, 443 [2006]; *Friedman v Ostreicher*, 22 AD3d 798, 799 [2005]; *McCord v American Golf*, 245 AD2d 349, 350 [1997]). Santucci, J.P., Goldstein, Dillon and Angiolillo, JJ., concur.