◼ WESTCHESTER MEDICAL CENTER, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [915 NYS2d 495]—

In an action to recover no-fault medical payments under certain contracts of insurance, the defendant appeals from an order of the Supreme Court, Nassau County (Lally, J.), entered December 21, 2009, which denied its motion to vacate a judgment of the same court entered March 12, 2009, which, upon its failure to appear or answer the complaint, was in favor of the

plaintiff and against it in the principal sum of $29,103.60, and to compel the plaintiff to accept a late answer pursuant to CPLR 3012 (d), and held in abeyance and referred for a hearing the plaintiff's motion to hold it in contempt for failure to comply with an information subpoena dated March 30, 2009, and its cross motion to quash the information subpoena.

Ordered that the appeal from so much of the order entered December 21, 2009, as held in abeyance and referred for a hearing the plaintiff's motion to hold the defendant in contempt for failure to comply with an information subpoena dated March 30, 2009, and the defendant's cross motion to quash the information subpoena is dismissed; and it is further,

Ordered that the order entered December 21, 2009, is reversed insofar as reviewed, on the facts and in the exercise of discretion, the defendant's motion to vacate the judgment entered March 12, 2009, and to compel the plaintiff to accept a late answer pursuant to CPLR 3012 (d) is granted, the judgment entered March 12, 2009, is vacated, and the answer annexed to the motion papers is deemed timely served upon the plaintiff; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The order entered December 21, 2009, did not decide the plaintiff's motion to hold the defendant in contempt for failure to comply with an information subpoena dated March 30, 2009, or the defendant's cross motion to quash the information subpoena, but instead, held that motion and cross motion in abeyance and referred them for a hearing. Accordingly, no appeal lies as of right from that portion of the order (see CPLR 5701 [a] [2] [v]; Evan S. v Joseph R., 70 AD3d 668 [2010]; Quigley v Coco's Water Café, Inc., 43 AD3d 1132 [2007]), and we decline to grant leave.

A defendant seeking to vacate a judgment entered on default must demonstrate a reasonable excuse for its delay in appearing or answering the complaint and a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Taddeo-Amendola v 970 Assets, LLC, 72 AD3d 677 [2010]). The defendant established through an employee's affidavit, which attested to a clerical oversight regarding the delay in forwarding the summons and complaint to its attorney, a reasonable excuse for the short period of time following service of the complaint in which it failed either to appear or answer the complaint (see Perez v Travco Ins. Co., 44 AD3d 738 [2007]; Sound Shore Med. Ctr. v Lumbermens Mut. Cas. Co., 31 AD3d 743 [2006]). Furthermore, the defendant demonstrated that it has a

potentially meritorious defense to the action. Accordingly, the Supreme Court improvidently exercised its discretion in denying the defendant's motion to vacate its default and to compel acceptance of its answer in light of the strong public policy that actions be resolved on their merits, the brief delay involved, the defendant's lack of willfulness, and the absence of prejudice to the plaintiff (*see Perez v Travco Ins. Co.*, 44 AD3d 738 [2007]; *New York & Presbyt. Hosp. v American Home Assur. Co.*, 28 AD3d 442 [2006]). Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.

Motion by the respondent on an appeal from an order of the Supreme Court, Nassau County, entered December 21, 2009, to dismiss so much of the appeal as held in abeyance and referred for a hearing the respondent's motion to hold the appellant in contempt for failure to comply with an information subpoena dated March 30, 2009, and the appellant's cross motion to quash the information subpoena, on the ground that said portion of the order is not appealable as of right. By decision and order on motion of this Court dated September 1, 2010, inter alia, the motion was referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and, upon the argument of the appeal, it is

Ordered that the motion is denied as academic in light of our determination on the appeal. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.