■ NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS, as Assignee of Jose Tacuri, Appellant, v NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent. [992 NYS2d 361]—

In an action to recover no-fault medical benefits under an insurance contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jaeger, J.), dated January 13, 2014, which granted the defendant's motion to vacate a clerk's judgment of the same court entered October 25, 2013, which, upon the defendant's default in appearing or answering the complaint, was in favor of the plaintiff and against the defendant in the principal sum of $25,621.20, and pursuant to CPLR 3012 (d) to extend its time to appear and to compel the plaintiff to accept its late notice of appearance.

Ordered that the order is affirmed, with costs.

A defendant seeking to vacate a default in answering or appearing must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Westchester Med. Ctr. v Allstate Ins. Co.*, 80 AD3d 695, 696 [2011]). The determination of what constitutes a reasonable excuse lies within the trial court's discretion (*see Adolph H. Schreiber Hebrew Academy of Rockland, Inc. v Needleman*, 90 AD3d 791, 792 [2011]; *Remote Meter Tech. of NY, Inc. v Aris Realty Corp.*, 83 AD3d 1030, 1032 [2011]).

Here, the defendant established a reasonable excuse through an employee's affidavit, which attested to a clerical oversight regarding the delay in forwarding the summons with notice to its attorney (*see Westchester Med. Ctr. v Allstate Ins. Co.*, 80 AD3d at 696; *Perez v Travco Ins. Co.*, 44 AD3d 738, 739 [2007]; *Sound Shore Med. Ctr. v Lumbermens Mut. Cas. Co.*, 31 AD3d 743 [2006]). Furthermore, the defendant demonstrated a potentially meritorious defense to the action. Accordingly, in light of the foregoing, as well as the public policy favoring the resolution of cases on the merits, the defendant's lack of willfulness, and the absence of any prejudice to the plaintiff, the Supreme Court providently exercised its discretion in granting the defendant's motion to vacate the default judgment, to extend its time to appear, and to compel the plaintiff to accept its late notice of appearance (*see* CPLR 3012 [d]; *NYU-Hospital for Joint Diseases v Praetorian Ins. Co.*, 98 AD3d 1101, 1102 [2012]; *Westchester Med. Ctr. v Allstate Ins. Co.*, 80 AD3d at 697). Rivera, J.P., Hall, Sgroi and Maltese, JJ., concur.