■ AMEC Construction Management, Inc., Plaintiff/Third-Party Defendant, v City of New York, Defendant, and Mazzocchi Wrecking, Inc., Respondent. Mazzocchi Wrecking, Inc., Respondent, v Evergreen Recycling of Corona, Respondent, et al., Defendant. Tully Environmental, Inc., Doing Business as Evergreen Recycling of Corona, Third-Party Plaintiff-Respondent; Bovis Lend Lease LMB, Inc., Third-Party Defendant-Appellant. [19 NYS3d 30]—

Order, Supreme Court, New York County (Kathryn Freed, J.), entered March 26, 2015, which, to the extent appealed from, upon granting third-party defendant Bovis Lend Lease LMB, Inc.'s motion to reargue a prior order (Louis B. York, J.), entered February 3, 2014, adhered to the terms of the prior order and, further, denied Bovis's motion to renew its prior motion to dismiss defendant Tully Environmental, Inc. doing business as Evergreen Recycling of Corona's (EROC) cross claims against it, unanimously affirmed, with costs.

This action arises from plaintiff Mazzocchi Wrecking Inc.'s involvement in clean-up of lower Manhattan following the terrorist attacks of September 11, 2001. Mazzocchi brought actions against the City, EROC, AMEC Construction Management, Inc. (AMEC), and Bovis for nonpayment. Bovis and AMEC had served as the general contractors overseeing the cleanup of the World Trade Center site. EROC oversaw certain subcontractors on behalf of Bovis and AMEC, including Mazzocchi. EROC's role was fairly limited, however; it provided general oversight of the subcontractors, forwarded the subcontractors' invoices to Bovis and AMEC, who in turn forwarded them to the City, and remitted payments received from the City and Bovis to the subcontractors.

Mazzocchi settled its nonpayment claims with the City and expressly received leave from the court (Barbara Jaffe, J.) to bring amended claims against EROC, AMEC and Bovis, the remaining defendants. Based on these amended claims, EROC brought amended cross claims against Bovis for indemnification and restitution, reasoning that because it paid Mazzocchi only according to Bovis's instructions, it should have no direct liability itself, or that Bovis should reimburse it for that liability.

EROC, AMEC and Bovis then moved to dismiss Mazzocchi's amended claims. Bovis also sought to dismiss EROC's amended cross claims. EROC, AMEC, and Bovis argued that Mazzocchi's amended claims were barred by res judicata—specifically, by Mazzocchi's settlement of claims against the City. Bovis also sought dismissal of Mazzocchi's claims as time barred and dismissal of EROC's amended cross claims on res judicata grounds.

In an order entered February 3, 2014, the motion court (Louis B. York, J.) granted Bovis's motion to dismiss Mazzocchi's amended complaint as against it as time-barred by the statute of limitations. At the same time, the motion court denied AMEC and EROC's motion to dismiss Mazzocchi's amended complaint against them based on res judicata. The motion court concluded that res judicata did not bar Mazzocchi's amended complaint, because following the settlement with the City, Mazzocchi expressly received leave from the court to proceed with its remaining claims. Thus, the settlement between the City and Mazzocchi had been without prejudice to its remaining claims against the other defendants.

The February 3, 2014 order, however, failed to resolve Bovis's motion to dismiss EROC's amended cross claims. EROC apparently neglected to respond to Bovis's motion to dismiss its amended cross claims. Bovis then sought leave to renew and reargue. The motion court granted leave to reargue, but upon reargument, adhered to the terms of the initial order. In so doing, the motion court found that even though it had failed in its initial order to address the motion to dismiss the amended cross claims, had it done so, it still would have denied the motion, since it was based on the rejected res judicata argument. The motion court also denied the motion to renew.

This appeal followed. Bovis contends that the motion court erred in adhering to the terms of the prior order because EROC, apparently, failed to oppose Bovis's motion to dismiss the amended cross claims. Bovis contends that it was therefore entitled to dismissal of those claims on EROC's default. This argument is unavailing.

To be entitled to judgment as a matter of law on default, the moving party must first establish its prima facie entitlement to the relief (*see Liberty Taxi Mgt., Inc. v Gincherman*, 32 AD3d 276, 277 n [2006]). This Bovis did not do. Its motion to dismiss the cross claims was based solely on the res judicata argument, which Supreme Court has now rejected. Accordingly, even though EROC admits that it failed to oppose the motion to dismiss the cross claims, there is no reason to consider the opposition or lack thereof since Bovis did not establish its prima facie entitlement to the relief sought.

The motion court also properly denied Bovis's motion to renew, which was based upon EROC's alleged failure to serve a supplemental summons with its amended cross clams. The Court correctly concluded that a supplemental summons is required only when a party is being newly added to an action. Concur—Tom, J.P., Andrias, Moskowitz and Kapnick, JJ.