<partyblock>

Shala Tshura Soon-Graham, Respondent,  

against

Ronny Eitan and AUTO EXPO ENT., INC., Doing Business as GREAT NECK SUZUKI, Appellants.

Appeal from an order of the District Court of Nassau County, First District (Scott H. Siller, J.), dated November 12, 2014. The order denied defendants' motion to vacate a default judgment.

ORDERED that the order is reversed, without costs, and defendants' motion to vacate the default judgment is granted.

In February 2014, plaintiff commenced this small claims action to recover damages resulting from her purchase, from defendants, of a used car
and for the cost of a cancelled extended warranty. Defendants failed to appear or answer, and a default judgment was entered against them in June 2014. Defendants moved to vacate the default judgment and, by order dated July 16, 2014, the District Court (Colin F. O'Donnell, J.) granted their motion and adjourned the matter to October 15, 2014. Defendants failed to appear in court on October 15th, and a $3,946.80 default judgment was entered against defendants on October 16, 2014. Thereafter, by motion returnable on November 12, 2014, defendants moved to vacate the October 16, 2014 default judgment. After oral argument on the motion on November 12, 2014, at which defendants' attorney and plaintiff appeared, the District Court (Scott H. Siller, J.) denied defendants' motion on the ground that "defendant(s) failed to appear in court."

It is well settled that a defendant seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) must demonstrate a reasonable excuse for the default and the existence of a potentially meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Sound Shore Med. Ctr. v Lumbermens Mut. Cas. Co., 31 AD3d 743 [2006]). Upon a review of the record, we find that defendants provided a reasonable excuse for their failure to appear in court on October 15, 2014 based on law office failure (see e.g. Dodge v Commander, 18 AD3d 943, 946 [2005]) and demonstrated potentially meritorious defenses to the action.

Accordingly, the order is reversed and defendants' motion to vacate the default judgment is granted.

Marano, P.J., Iannacci and Brands, JJ., concur.

Decision Date: July 13, 2016

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>