Hu-Nam-Nam, M.D., as Assignee of Sostre Devin, Respondent, 
against
Allstate Insurance Company, Appellant.




Law Offices of James F. Sullivan, P.C. (Giovanna Tuttolomondo, Esq.), for appellant.
Law Offices of Melissa Betancourt, P.C. (Melissa Betancourt, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered May 12, 2015. The order denied defendant's motion to vacate a default judgment of the same court entered May 27, 2014 upon defendant's failure to appear or answer the complaint.




ORDERED that the order is affirmed, with $25 costs.
Plaintiff commenced this action to recover assigned first-party no-fault benefits as a result of an accident which had occurred on June 20, 2010. Defendant did not answer the complaint. Thereafter, defendant commenced a declaratory judgment action in the Supreme Court, New York County, which culminated in an order declaring that Allstate Insurance Company was not obligated to provide coverage for claims by plaintiff, among other providers, relating to an accident which had occurred on June 21, 2010. Shortly after defendant served the Supreme Court order on plaintiff and its assignor, among others, plaintiff applied to the Civil Court for leave to enter a default judgment, which the court granted. The default judgment was entered on May 27, 2014.
Defendant moved by order to show cause in the Civil Court to vacate the default judgment, claiming, as an excuse for the default, that it had no record of receiving the summons and complaint, but if defendant had been served, then defendant's failure to answer the complaint was the result of clerical error and office failure. Defendant asserted, as a potentially meritorious defense, that defendant possessed a founded belief that the collision, which defendant's claim representative alleged in her affidavit occurred on June 21, 2010, was a staged incident. Plaintiff opposed the motion. Subsequently, defendant presented the Civil Court with the Supreme Court order in the declaratory judgment action. By order entered May 12, 2015, the Civil Court took judicial notice of the Supreme Court order but denied defendant's motion, finding, among other things, that the Supreme Court order had not been properly served.
In support of its motion to vacate the default judgment, defendant was required to [*2]demonstrate both a reasonable excuse for its default and the existence of a potentially meritorious defense (see CPLR 5015 [a]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138 [1986]; New York Hosp. Med. Ctr. of Queens v Nationwide Mut. Ins. Co., 120 AD3d 1322, 1323 [2014]). While plaintiff's complaint in the Civil Court asserted that the accident at issue had occurred on June 20, 2010, defendant's proffered evidence of a staged accident referred to a June 21, 2010 collision. Consequently, defendant failed to demonstrate that the alleged injuries did not arise out of the June 20, 2010 insured incident (see Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195 [1997]). Similarly, the Supreme Court declared that defendant is not obligated to reimburse plaintiff for claims "relating to the June 21, 2010 accident." Thus, we cannot find that the order in the declaratory judgment action, which relieves defendant of liability for claims relating to a June 21, 2010 accident, is a conclusive determination barring plaintiff's recovery in the Civil Court for injuries sustained by its assignor in a June 20, 2010 accident. In the absence of an explanation of the discrepancy in the dates of the accident, defendant failed to demonstrate the existence of a potentially meritorious defense to the action. In view of the foregoing, it is unnecessary to consider whether defendant proffered a reasonable excuse for its default.
Accordingly, the order is affirmed.
Weston, J.P., Solomon and Elliot, JJ., concur.
Decision Date: May 19, 2017