Tertiary, Inc. v Liberty Mut. Fire Ins. Co. (2018 NY Slip Op 00926)





Tertiary, Inc. v Liberty Mut. Fire Ins. Co.


2018 NY Slip Op 00926


Decided on February 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2018

Friedman, J.P., Sweeny, Kahn, Gesmer, Singh, JJ.


5677N 156930/15

[*1] Tertiary, Inc., Plaintiff-Respondent,
v
Liberty Mutual Fire Insurance Company, et al., Defendants-Appellants.


Jaffe & Asher LLP, New York (Marshall T. Potashner of counsel), for appellants.
Pillsbury Winthrop Shaw Pittman, LLP, New York (Alexander D. Hardiman of counsel), for respondent.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered July 19, 2016, which granted plaintiff's motion for a default judgment and denied defendants' motion to compel acceptance of an answer, unanimously reversed, on the law and the facts, and in the exercise of discretion, without costs, plaintiff's motion denied, and defendants' motion granted.
Plaintiff failed to establish prima facie that it is entitled to a default judgment declaring that defendants are obligated to defend and indemnify it in a personal injury action (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]; AMEC Constr. Mgt., Inc. v City of New York, 132 AD3d 547, 549 [1st Dept 2015]), since it has not been sued in that action (see QBE Ins. Corp. v Adjo Contr. Corp., 121 AD3d 1064, 1080 [2d Dept 2014]; Sirignano v Chicago Ins. Co., 192 F Supp 2d 199, 206 [SD NY 2002]).
In view of defendants' excuse for their default in answering the complaint, namely, that a clerical error prevented the matter from reaching the appropriate individuals in the companies, as well as the absence of willfulness, the fact that plaintiff has not claimed prejudice, and counsel's prompt action upon discovering the error, we find that the motion to compel should be granted (see e.g. Interboro Ins. Co. v Perez, 112 AD3d 483, 483 [1st Dept 2013]; Gamiel v Sullivan & Liapakis, 254 AD2d 96 [1st Dept 1998]; Elkman v Southgate Owners Corp., 243 AD2d 356 [1st Dept 1997]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 8, 2018
CLERK