Pierre J. Renelique Physician, P.C., as Assignee of Jose Mercado, Appellant,
against
Allstate Insurance Company, Respondent.




The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.
Peter C. Merani, P.C. (Eric M. Wahrburg and Samuel Kamara of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael Gerstein, J.), entered June 7, 2017. The order granted the branch of defendant's motion seeking, pursuant to CPLR 5015 (a) (1), to vacate a judgment of that court entered April 15, 2016 upon defendant's failure to appear or answer the complaint.




ORDERED that the order is reversed, without costs, and the branch of defendant's motion seeking, pursuant to CPLR 5015 (a) (1), to vacate the default judgment is denied.
In this action by a provider to recover assigned first-party no-fault benefits, a judgment was entered on April 15, 2016 upon defendant's failure to appear or answer the complaint. Defendant thereafter moved to, among other things, vacate the default judgment pursuant CPLR 5015 (a) (1), arguing that it has an excusable default and a meritorious defense, or, in the alternative, for an order directing a traverse hearing. Plaintiff appeals from an order of the Civil Court which granted the branch of defendant's motion seeking to vacate the default judgment pursuant to CPLR 5015 (a) (1), arguing that defendant failed to establish a reasonable excuse for its default or a meritorious defense. Defendant contends, in response, that it did satisfy the requirements of CPLR 5015 (a) (1).[FN1]


At the outset, we note that the process server's affidavit constituted prima facie evidence of proper service of process upon defendant pursuant to CPLR 311 (a) (1), by service upon a [*2]general agent of defendant who was authorized to accept service on its behalf (see Hayden v Southern Wine & Spirits of Upstate NY, Inc., 126 AD3d 673 [2015]; Teitelbaum v North Shore-Long Is. Jewish Health Sys., Inc., 123 AD3d 1006 [2014]; Indymac Fed. Bank FSB v Quattrochi, 99 AD3d 763 [2012]). Thus, to vacate the default judgment pursuant to CPLR 5015 (a) (1), defendant was required to demonstrate a reasonable excuse for its default and a potentially meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., Inc., 67 NY2d 138, 141 [1986]; Progressive Cas. Ins. Co. v Excel Prods., Inc., 171 AD3d 812 [2019]; Westchester Med. Ctr. v Allstate Ins. Co., 80 AD3d 695 [2011]).

As the basis for its claim of a reasonable excuse, defendant contended that it had not received process. However, absent from defendant's moving papers was any affidavit by the person who had allegedly been served denying service or, for example, setting forth whether that person recalled having received the service in issue and, if he did, what had happened to those papers, or, if he could not recall whether he had received the papers, setting forth the usual business practices and procedures he employed upon the receipt of process. Nor was there an affidavit explaining why defendant did not proffer an affidavit from that person. Rather, defendant submitted only an affidavit by its claim representative, who merely stated that defendant did not have a record of having received process in this matter and that, if process had been received, it would have been recorded in defendant's computer system in accordance with defendant's business practices and procedures, which the affidavit set forth, but that no such record existed (see HSBC Bank USA, N.A. v Eliyahu, 170 AD3d 1130 [2019]; Indymac Fed. Bank FSB, 99 AD3d at 764; Aminov v Allstate Ins. Co., 62 Misc 3d 139[A], 2019 NY Slip Op 50056[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Thus, defendant's attempt to establish a lack of service was insufficient, as defendant failed to swear to specific facts to rebut those contained in the affidavit of the process server. Under the circumstances, defendant's moving papers failed to establish a reasonable excuse for its default, let alone a triable issue as to whether service had ever been effectuated (see Bank of NY v Samuels, 107 AD3d 653 [2013]; Reich v Redley, 96 AD3d 1038 [2012]; cf. New York Hosp. Med. Ctr. of Queens v Nationwide Mut. Ins. Co., 120 AD3d 1322 [2014]). 

Accordingly, the order is reversed and the branch of defendant's motion seeking, pursuant to CPLR 5015 (a) (1), to vacate the default judgment is denied.

SIEGAL, J.P., PESCE and ELLIOT, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: July 19, 2019



Footnotes

Footnote 1:Defendant does not argue on appeal that the judgment should be vacated pursuant to CPLR 5015 (a) (4) and no longer seeks, in the alternative, a traverse hearing.