Hand By Hand, PT, P.C. v New York Cent. Mut. Fire Ins. Co. (2022 NY Slip Op
50774(U))

[*1]

Hand By Hand, PT, P.C. v New York Cent. Mut. Fire Ins. Co.

2022 NY Slip Op 50774(U) [76 Misc 3d 127(A)]

Decided on July 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DONNA-MARIE E. GOLIA, CHEREÉ
A. BUGGS, JJ

2019-1457 K C

Hand By Hand, PT, P.C., as Assignee of
Kevin Kersaint, Appellant, 
against
New York Central Mutual Fire Insurance Company, Respondent.

Kopelevich & Feldsherova, P.C. (David Landfair of counsel), for appellant.
Dodge & Monroy, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin
Kelly Sheares, J.), entered August 8, 2019. The order granted defendant's motion to vacate a
judgment of that court entered April 13, 2018 upon defendant's failure to appear or answer the
complaint.

ORDERED that the order is reversed, with $30 costs, and defendant's motion to vacate the
default judgment is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
to vacate a judgment entered on April 13, 2018 upon defendant's failure to appear or answer the
complaint. In support of the motion, defense counsel alleged that an answer had been timely
served but it contained a wrong index number, as the year was incorrectly written, which error
was due to law office failure. Approximately two weeks later, a second answer, with the correct
index number, was served on plaintiff's counsel, after the time to answer had expired. Defendant
alleged as a meritorious defense to the action that plaintiff was not entitled to recover on its
claim, as the underlying automobile accident was staged. In addition, defendant filed a
declaratory judgment action in February 2018 against, among others, plaintiff and its assignor,
[*2]wherein, by order entered April 19, 2018, plaintiff was
enjoined from all no-fault collection/reimbursement actions. In opposition to the motion,
plaintiff's counsel alleged that defendant failed to properly serve an answer, as the first answer
contained the wrong year in the index number and both answers were served by mail to the
wrong address. In reply, defendant failed to explain why the answers were mailed to plaintiff's
counsel's prior address. The Civil Court granted defendant's motion.
It is well settled that in order to vacate a default judgment based on excusable default, the
defaulting party must demonstrate both a reasonable excuse for its default and a meritorious
defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138
[1986]; New York Hosp. Med. Ctr. of
Queens v Nationwide Mut. Ins. Co., 120 AD3d 1322, 1323 [2014]). A court may, in the
exercise of its discretion, accept law office failure as an excuse (see CPLR 2005).
However, counsel "must submit supporting facts in evidentiary form sufficient to justify the
default" (Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d 553, 554 [2001]) and
include "a detailed explanation of [the] oversights" (Hospital for Joint Diseases v ELRAC, Inc., 11 AD3d 432, 433
[2004]; see also Grezinsky v Mount Hebron Cemetery, 305 AD2d 542 [2003];
Morris v Metropolitan Transp. Auth., 191 AD2d 682, 683 [1993]). 
In the case at bar, defendant failed to provide a detailed explanation of its default.
Defendant's attorney merely stated that the wrong index number reflected on its initial answer
was due to law office failure. However, defendant's attorney did not explain why both answers
were mailed to plaintiff's counsel's prior address. In view of the foregoing, we need not consider
whether defendant established a meritorious defense to the action (see Levi v Levi, 46
AD3d 519 [2007]). In any event, contrary to defendant's contention in the Civil Court, this action
was not barred based upon the April 19, 2018 order in the Supreme Court declaratory judgment
action enjoining plaintiff from proceeding in this action, as that order was entered after the
default judgment had been entered herein, and terminated upon the entry of the declaratory
judgment on May 20, 2019 and there was no disposition against plaintiff in that judgment (see generally DSD Acupuncture, P.C. v
Metlife Auto & Home, 49 Misc 3d 153[A], 2015 NY Slip Op 51778[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Consequently, we find that the Civil
Court improvidently exercised its discretion in granting defendant's motion to vacate the default
judgment.
Accordingly, the order is reversed and defendant's motion to vacate the default judgment is
denied.
ALIOTTA, P.J., GOLIA and BUGGS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 22, 2022