Good Care Chiropractic, P.C. v State Farm Mut. Auto. Ins. Co. (2024 NY Slip Op 50205(U))

[*1]

Good Care Chiropractic, P.C. v State Farm Mut. Auto. Ins. Co.

2024 NY Slip Op 50205(U)

Decided on February 16, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 16, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, PHILLIP HOM, JJ

2023-721 K C

Good Care Chiropractic, P.C., as Assignee of Valentine, Jemilah, Appellant,
against
State Farm Mutual Automobile Ins. Co., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Nicolini, Paradise, Ferretti & Sabella, PLLC (Francis J. Ammendolea of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Ellen E. Edwards, J.), dated February 22, 2023. The order, insofar as appealed from as limited by the brief, granted defendant's motion to compel plaintiff to accept defendant's late answer.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
Plaintiff commenced this action to recover assigned first-party no-fault benefits for services rendered to its assignor as a result of a motor vehicle accident which occurred on April 22, 2015. Defendant was personally served with process at its Illinois office on September 29, 2020. Defendant did not timely appear or answer the complaint. It is undisputed that, in February 2021, defendant contacted plaintiff's counsel and requested that the action be voluntarily discontinued on the ground that there was no coverage under the insurance policy, as the policy had been cancelled effective April 16, 2015 due to nonpayment of the premium. In an email sent on March 15, 2021, plaintiff's counsel stated that it would not voluntarily discontinue the action. Defense counsel served an answer on March 25, 2021, and plaintiff rejected it as untimely. 
By notice of motion dated June 16, 2021, defendant moved to compel plaintiff to accept defendant's late answer, pursuant to CPLR 3012 (d), alleging, as is relevant to this appeal, that there was a reasonable excuse for its delay in answering. In support of its motion, defendant submitted an affidavit of its employee who averred that the delay was due to defendant's [*2]difficulty in connecting the summons and complaint to the imsurance policy and claim file. The policy was inactive and defendant had been served in Illinois even though the policy was issued in Nevada, and New York was the site of the accident and lawsuit. Once the policy and claim file were identified, there was an additional delay in answering, as defendant contacted plaintiff's counsel to request that the action be voluntarily discontinued on the ground that there was no active policy coverage at the time of the accident. In opposition, plaintiff argued that defendant had failed to proffer a reasonable excuse for its delay in answering, instead admitting to mere law office neglect. By order dated February 22, 2023, insofar as appealed from as limited by the brief, the Civil Court granted defendant's motion to compel plaintiff to accept its late answer, finding that defendant had proffered a reasonable excuse for its delay in serving its answer.
A court may compel a plaintiff to accept a defendant's late answer "upon such terms as may be just and upon a showing of a reasonable excuse for delay" in answering (CPLR 3012 [d]; see also Pain Mgt. Ctr. of N.J., P.C. v All Car Rent-A-Car, 57 Misc 3d 138[A], 2017 NY Slip Op 51310[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). "The determination of what constitutes a reasonable excuse lies within the trial court's discretion" (New York Hosp. Med. Ctr. of Queens v Nationwide Mut. Ins. Co., 120 AD3d 1322, 1323 [2014]). Under the particular circumstances presented, as well as defendant's lack of willfulness and the absence of any prejudice to plaintiff, we find that the Civil Court did not improvidently exercise its discretion in granting defendant's motion to compel plaintiff to accept its late answer (see CPLR 3012 [d]; Pain Mgt. Ctr. of N.J., P.C. v All Car Rent-A-Car, 2017 NY Slip Op 51310[U]). 
Accordingly, the order, insofar as appealed from, is affirmed.
BUGGS, J.P., OTTLEY and HOM, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 16, 2024