West 125th St. Realty LLC v Chosen Realty Corp (2024 NY Slip Op 02387)

West 125th St. Realty LLC v Chosen Realty Corp

2024 NY Slip Op 02387

Decided on May 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2024

Before: Manzanet-Daniels, J.P., Kern, Friedman, Rosado, O'Neill Levy, JJ. 

Index No. 152859/21 Appeal No. 2181-2182 & M-1201 M-1427 Case No. 2023-04634, 2023-04638 

[*1]West 125th Street Realty LLC, Plaintiff-Respondent,
v
Chosen Realty Corp, Defendant-Appellant, Onyx Realty LLC, et al., Defendants.
Chosen Realty Corp., Third-Party Plaintiff-Appellant,
v
Riverside Abstract LLC, et al., Third Party Defendants-Respondents.

Nathan M. Ferst, New York, for appellant.
Berg & David PLLC, Inwood (Sholom Wohlgelernter of counsel), for Riverside Abstract LLC, respondent.
Solomon & Siris, P.C., Garden City (Bill Tsevis of counsel), for Old Republic National Title Insurance Company, respondent.

Appeal from order, Supreme Court, New York County (Andrew Borrok, J), entered April 11, 2023, which granted third-party defendant Old Republic National Title Insurance Company (Old Republic)'s motion to dismiss defendant Chosen Realty Corp.'s indemnity cause of action, unanimously dismissed, without costs, as moot. Order, same court and Justice, entered May 16, 2023, which denied Chosen's motion for summary judgment dismissing the complaint and cross-claims against it and for a default judgment against third-party defendant Riverside Abstract LLC, and granted Riverside's motion to dismiss the third-party complaint as against it, unanimously affirmed, without costs, to the extent it denied Chosen's motion for summary judgment dismissing the cross-claims, and otherwise dismissed as moot.
Because plaintiff's claims against Chosen have been dismissed (West 125th St. Realty LLC v Chosen Realty Corp., 216 AD3d 525 [1st Dept 2023]), the part of Chosen's appeal seeking dismissal of the complaint against it is moot (see Cuomo v. Long Is. Light. Co., 71 NY2d 349, 354 [1988]). Similarly, because the complaint against Chosen has been dismissed, the parts of Chosen's appeals seeking to reinstate its claims against Old Republic and Riverside, which seek indemnification for any damages recovered by plaintiff against Chosen, have been rendered academic (see Locke v URS Architecture & Eng'g-N.Y., P.C., 202 AD3d 505, 507 [1st Dept 2022]; Canty v 133 E. 79th St., LLC, 167 AD3d 548, 550 [1st Dept 2018]). As to Riverside, the court providently denied Chosen's motion for a default judgment against it, finding that Riverside presented a reasonable excuse of clerical error for its failure to timely answer the third-party complaint as well as a meritorious defense to the now moot claims (see Hertz Vehs., LLC v Mollo, 171 AD3d 651, 651 [1st Dept 2019]; Sound Shore Med. Ctr. v Lumbermens Mut. Cas. Co., 31 AD3d 743, 743 [2d Dept 2006]).
Regarding Chosen's motion seeking summary judgment dismissing the cross-claims of codefendant ONYX, although ONYX did not oppose the motion, the moving party still "must first establish its prima facie entitlement to the relief" (AMEC Constr. Mgt., Inc. v City of New York, 132 AD3d 547, 549 [1st Dept 2015]). Chosen has not demonstrated prima facie that the allegations that it breached its obligation under the telecom easement agreement with ONYX to have the easement noted in the deed or shown why its delivery of closing documents to Riverside, assuming those included the telecom agreement, would absolve it of liability for breaching its obligations under the easement agreement. While Chosen submitted evidence that ONYX received consideration for assigning the telecom easement to a third party, the cross-claims seek indemnification for damages that may be imposed against it in this action.
We have considered Chosen's remaining arguments and find them to be unavailing.
M-2023-1201 - West 125th St. Realty LLC v Chosen Realty Corp.
Motion pursuant [*2]to CPLR 4511(e) for this Court to take judicial notice of certain matters dehors the record, denied.
M- 1427
Cross-motion to strike pages 11-13 of the Reply Brief, granted to the extent of deeming the parts of the reply referring to matters dehors the record to have been stricken.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2024